IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EXPORTKREDITNÄMNDEN,<br>The Swedish Export Credits Guarantee Board,<br><br>Plaintiff,<br><br>v.<br><br>FLEMING BUILDING COMPANY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 12 CV-415-GKF-FHM<br>)<br>)<br>)<br>) |

**MOTION BY PLAINTIFF EXPORTKREDITNÄMNDEN FOR ORDER REQUIRING DEFENDANT/JUDGMENT DEBTOR TO APPEAR AND ANSWER QUESTIONS CONCERNING PROPERTY AND ASSETS**

Plaintiff Exportkreditnämnden, the Swedish Export Credits Guarantee Board ("EKN"), hereby moves this Court for an order, pursuant to OKLA. STAT. tit. 12, § 842 and FED. R. CIV. P. 69, requiring Defendant Fleming Building Company, Inc. ("Fleming"), to appear by and through Raymond A. Miller, Jr. (Fleming's President and majority stockholder), and Melanie Troutman (Fleming's Controller), and answer questions concerning its property and assets. In support of this motion, EKN asserts the following:

1.  On September 16, 2014, this Court entered judgment in favor of Plaintiff EKN and against Defendant Fleming for the sum of €2,946,965.93 – consisting of the sum of €2,004,662.00 plus pre-judgment interest in the sum of €942,303.93. [Dkt. #83.][1]

2.  On November 19, 2014, costs were also taxed against Fleming to be paid to EKN in the amount of $14,316.40. [Dkt. #117.]

---

[1] On October 1, 2014, Fleming filed a Motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to Alter or Amend the Judgment and Certify Questions to the Oklahoma Supreme Court. [Dkt. # 86.] By Order dated November 25, 2014 [Dkt. # 121], the Court denied Fleming's Motion to Alter or Amend the Judgment and Certify Questions to the Oklahoma Supreme Court.

3. Rule 69(a) of the Federal Rules of Civil Procedure states that state law, in this case Oklahoma law, provides for (a) the procedure on execution and "in proceedings supplementary to and in aid of judgment or execution", and (b) discovery from any person, including the judgment debtor.

4. Pursuant to OKLA. STAT. tit. 12, § 842(A):

At any time after a final judgment, order, or decree is filed, on application of the judgment creditor, a judge of the court in which the final judgment, order, or decree was rendered shall order the judgment debtor to appear before the judge, or a referee appointed by the judge, at a time and place specified in the order, to answer concerning the judgment debtor's property. The judge may, by order, enjoin the judgment debtor from alienating, concealing, or encumbering any of the judgment debtor's nonexempt property pending the hearing and further order of the court.

5. In accordance with FED R. CIV. P. 69 and OKLA. STAT. tit. 12, § 842, EKN respectfully requests that Fleming be ordered to appear and answer, under oath, questions concerning its property, including, but not limited to, its assets and liabilities and all transfers of assets made since EKN commenced legal proceedings pertaining to the subject matter of this action against Defendant Fleming.

6. Fleming is a construction company that builds projects located in Oklahoma and various other states. Fleming is owned by Raymond A. Miller, Jr. and his wife, who (at the time of Mr. Miller's deposition in this case) are the sole officers of the company. As such, and with the entry of the Judgment herein, there exists the possibility Fleming may attempt to transfer, encumber, alienate, and/or conceal assets in an attempt to place them beyond EKN's execution reach. Accordingly, EKN requests an order enjoining Fleming, and any third-party served with a copy of the order that is in possession of Fleming's property, from alienating, concealing, or encumbering any of its non-exempt property pending further order of this Court.

7. A proposed Order is submitted herewith.

WHEREFORE, Plaintiff EKN requests the Court enter an order:

(a) Directing Fleming, by Raymond Miller (its President) and Melanie Troutman (its Controller) to appear to answer under oath questions concerning its property and assets;

(b) Directing Fleming to produce at least twenty days in advance of the hearing, all of its books, records, and other financially-related information (including all bank statements and general ledgers) in order that a full and complete examination on Fleming's assets may be had;

(c) Restraining and enjoining Fleming, pending a further order of this Court, from transferring, alienating, concealing and/or encumbering any non-exempt property; and

(d) Granting such other and further relief as is just and proper.

Dated: December 1, 2014

Respectfully submitted,

*s/John A. Burkhardt*
John A. Burkhardt, OBA # 1336
Jared M. Burden, OBA #30026
McAFEE & TAFT PC
1717 S. Boulder Ave., Suite 900
Tulsa, Oklahoma 74119
(918) 587-0000 (phone)
(918) 599-9317 (fax)
john.burkhardt@mcafeetaft.com
jared.burden@mcafeetaft.com

Todd B. Marcus, *Admitted Pro Hac Vice*
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022-4689
(212) 705-7000 (phone)
(212) 752-5378 (fax)
todd.marcus@bingham.com

*Attorneys for Plaintiff Exportkreditnämnden,*
*The Swedish Export Credits Guaranty Board*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF system and transmittal of notice of Electronic Filing to the following ECF registrants:

Kenneth L. Brune
Timothy E. Houchin

*s/John A. Burkhardt*
John A. Burkhardt
