IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EXPORTKREDITNÄMNDEN,<br>The Swedish Export Credits Guarantee Board,<br><br>    Plaintiff,<br>v.<br><br>FLEMING BUILDING COMPANY, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 12 CV-415-GKF-FHM<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
APPLICATION TO RE-SET ASSET HEARING**

Plaintiff Exportkreditnämnden, the Swedish Exports Credit Guarantee Board ("EKN"), submits this Response in Opposition to the Application by Defendant/Judgment Debtor Fleming Building Company, Inc., to reschedule the asset hearing scheduled for December 17, 2014 [Dkt. #131].

**INTRODUCTION**

1.  On December 2, 2014, EKN moved this Court for an order requiring Defendant, by and through Raymond A. Miller, Jr., Fleming's President and majority stockholder, and Melanie Troutman, Fleming's Controller, to appear and answer questions regarding Fleming's property and assets.  EKN also requested the production of Fleming's books and records, and an injunction restraining and enjoining Fleming from transferring, alienating, concealing and/or encumbering any non-exempt property. [Dkt. #123.]

2.  By Order dated December 3, 2014 [Dkt. #124], the Court (Magistrate Judge T. Lane Wilson) directed that Fleming appear on December 17, 2014, at 9:30 a.m., ***"by and through one or more officers or representatives of the company who are fully knowledgeable and prepared to testify regarding Defendant's property and assets."***  In the event such persons

required access to documentation or information in order to fully testify and respond to questions regarding Defendant's property or assets, the Court also directed that such documentation be made available by Defendant Fleming.  The Court did not rule on that portion of EKN's Motion seeking an injunction.  [Dkt. #124.]

3.	Less than two days before Defendant Fleming is scheduled to appear and give testimony through "one or more officers or representatives," Defendant has filed an Application seeking to adjourn the asset hearing because one of Defendant's officers "is unavailable … due to the holidays and previous scheduled conflicts and will be unavailable until the first week of January 2015."  Passing that Defendant Fleming does not submit an affidavit from Mr. Miller (or from anyone else) attesting to his unavailability, Defendant's Application is deficient in several respects.

4.	First, Defendant's Application speaks only to the unavailability of Mr. Miller, but not to Defendant Fleming's *other officers or representatives* – such as Defendant's controller, accountant, or other officers or representatives with knowledge of Defendant's assets and books and records. Indeed, the Court directed that Defendant Fleming appear "through one or more officers or representatives." EKN should not be denied or deprived of its duly scheduled asset hearing because Defendant Fleming would prefer that an unavailable witness give testimony, when Defendant Fleming has other representatives (such as its controller and accountant) capable of testifying as to Defendant's assets.  See the pertinent excerpt of the July 12, 2013 deposition of Raymond A. Miller, Jr. attached hereto as Exhibit "A."

5.	Moreover, EKN was awarded Judgment against Fleming on September 16, 2014, in the sum of €2,946,965.93 (approximately $3,665,436.22 at current exchange rates). [Dkt. #83.]  EKN was prevented from taking immediate steps to enforce that judgment when Defendant Fleming filed a Motion to Alter or Amend the Judgment and Certify Questions to the

2

Oklahoma Supreme Court. [Dkt. #86.] That Motion was denied by Order dated November 25, 2014 [Dkt. #121] and EKN filed its Motion for Asset Hearing and other relief [Dkt. #123] just three business days later (on December 2, 2014). Defendant Fleming should not be permitted to further delay EKN's right to recover on the Judgment because the asset hearing conflicts with Mr. Miller's holiday schedule.[1]

6.      Finally, additional delay presents the continued prospect that Fleming will attempt to render itself judgment-proof by encumbering, alienating, or transferring its assets. EKN should be protected against this possibility by means of an appropriate injunction. Indeed just today EKN learned that Fleming has attempted to encumber certain of its real property in Rogers County, Oklahoma with the filing of a purported Purchase Money Mortgage in favor of its attorney in this matter, Kenneth Brune. See Exhibit "B" attached hereto. EKN should be protected against future attempts by Fleming to encumber, alienate, or transfer its assets with an appropriate injunction.

For all of these reasons, Plaintiff EKN respectfully submits that Defendant Fleming's Application to Re-Set Asset Hearing should be denied.

---

[1]      Defendant Fleming should not be rewarded for waiting until December 15, 2014, to request an adjournment of the asset hearing. Either Mr. Miller knew long before today that the December 17, 2014 hearing date presented a conflict, or Mr. Miller created the conflict once the hearing was scheduled. If the former, Defendant should have reported the conflict sooner so appropriate steps could have been taken to conduct an earlier examination of Defendant. If the latter, then Mr. Miller should not have made such plans and Defendant should not be allowed to escape providing testimony.

Dated: December 15, 2014

Respectfully submitted,

*s/John A. Burkhardt*
Todd B. Marcus
*Admitted Pro Hac Vice*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300 (phone)
(212) 839-5599 (fax)
todd.marcus@sidley.com

John A. Burkhardt, OBA #1336
Jared M. Burden, OBA #30026
McAFEE & TAFT PC
1717 S. Boulder Ave., Suite 900
Tulsa, Oklahoma 74119
(918) 587-0000 (phone)
(918) 599-9317 (fax)
john.burkhardt@mcafeetaft.com
jared.burden@mcafeetaft.com

*Attorneys for Plaintiff Exportkreditnämnden,*
*The Swedish Export Credits Guarantee Board*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF system and transmittal of notice of Electronic Filing to the following ECF registrants:

Kenneth L. Brune
Timothy E. Houchin

*s/John A. Burkhardt*
John A. Burkhardt

Plf's Response in Opposition to Def's Application to Reset Hearing.doc